# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANTONIO L. GREEN,**
                **Petitioner,**

                **v.**                                                                    **Case No. 06-C-0888**

**WILLIAM POLLARD, Warden**
**Green Bay Correctional Institute,**
                **Respondent.**

---

## DECISION AND ORDER

Petitioner Antonio L. Green filed this petition pursuant to 28 U.S.C. § 2254, challenging

his confinement at Green Bay Correctional Institute.  Pursuant to Rule 4 of the Rules

Governing § 2254 Cases, applicable to the present petition under Rule 1(b), I must give the

case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it
> that the petitioner is not entitled to relief in the district court, the judge shall
> make an order for its summary dismissal and cause the petitioner to be notified.
> Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look

to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner challenges the accuracy of the information before the judge who sentenced

him based on his guilty pleas.  Petitioner was arrested and charged with armed robbery and

attempted first degree homicide, in addition to other felonies.  He pled no contest in 1996 and

later succeeded in having his plea withdrawn.  On remand, petitioner withdrew his pleas and

the court reinstated the original charges.  Petitioner pled guilty to armed robbery and first-

degree reckless injury at a pretrial hearing.  However, at sentencing, the judge indicated that

while he would give petitioner some credit for accepting responsibility, he would not give credit

for accepting "quick responsibility" because he believed petitioner pled guilty on the day of trial, which belief was inaccurate. "A defendant has the due process right to be sentenced on the basis of accurate information." United States v. Salinas, 62 F.3d 855, 859 (7th Cir.1995) (citing United States v. Mustread, 42 F.3d 1097, 1101 (7th Cir.1994)).

Thus, I conclude that petitioner has stated cognizable constitutional claims, and I will permit him to proceed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not

-2-

exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent William Pollard and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 6 day of November, 2006.


/s
LYNN ADELMAN
District Judge