# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO L. GREEN,
        Petitioner,

v.                                              Case No. 06-C-0888

WILLIAM POLLARD, Warden
Green Bay Correctional Institution,
        Respondent.

## DECISION AND ORDER

Petitioner Antonio L. Green, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction of armed robbery and first degree reckless injury as a party to a crime. Petitioner pleaded guilty and was sentenced to fifty-six years in prison. He alleges that he was sentenced based on inaccurate information and thus denied due process. The state court of appeals affirmed his conviction, and the state supreme court denied review.

The state court of appeals ruled as follows:

> The information filed in 1996 charged Green with armed robbery and attempted first-degree intentional homicide, both as party to the crime. The amended information filed later that year charged those counts, plus nine more felonies. Green pled no contest to four counts, but then later moved to withdraw those pleas. The circuit court denied the motion, but in 2000 we reversed on the ground that the circuit court unnecessarily and unlawfully injected itself into the plea bargaining process by pressuring Green. On remand, Green withdrew his pleas and the court reinstated the eleven-count information. The case was set for trial on March 5, 2001, but at a pretrial hearing on January 30, 2001, Green pled guilty to an amended information charging one count each of armed robbery and first-degree reckless injury, both as party to the crime. At sentencing, the circuit court stated that it would give Green some credit for taking responsibility with his plea, but would not give him credit for taking "quick responsibility" because "[i]t was at the day of trial that Mr.

> Green finally accepted his responsibility." The court then made additional statements in which it arguably repeated the erroneous assertion that Green pled on the first day of trial.
>
> Green argues that he was sentenced based on inaccurate information, namely, the circuit court's erroneous belief that he waited until the day of trial to plead, rather than pleading at a pretrial hearing several weeks before trial. We conclude, first, that Green waived this argument by not objecting to the court's statement at the time of sentencing. The purpose of the waiver rule is to require parties to raise claims of potential error at the time the error is made, and while the decision maker is in a position to easily correct an error. This policy applies to this case. Green and his attorney should have known when Green pled, and could have promptly informed the court.
>
> In addition, on the merits, we conclude that the court's statement that Green did not enter a plea until late in the process is essentially not material to the entire sentencing scheme. Green waited a substantial amount of time to bring the case to a close, as measured from the beginning of the case in 1996. Accordingly, the court's conclusion that Green did not "quickly" accept responsibility was correct.

(Answer to Pet. Ex. E at 2-3.)

Respondent argues that I may not consider the merits of petitioner's claim that he was sentenced based on inaccurate information because the state court of appeals affirmed his conviction based on an independent and adequate state ground, namely that he failed to present an objection during the sentencing hearing and thereby waived the claim. See Michigan v. Long, 463 U.S. 1032, 1041-42 (1983); Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). A federal court may not consider the merits of a habeas petitioner's claim when the highest state court to review the case disposed of it based on a state procedural ground such as waiver. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). A state court decision is based on a state procedural ground when the court so states "clearly and expressly." Harris v. Reed, 489 U.S. 255, 263 (1989).

-2-

Petitioner concedes that the state law doctrine of waiver on which the state court of appeals relied was adequate but argues that the court's reliance on it was not independent of its decision on the merits. I disagree. In affirming petitioner's conviction, the state court of appeals clearly and expressly relied on the state law waiver doctrine. The court stated unequivocally that petitioner "waived this argument by not objecting to the court's statement at the time of sentencing." (Answer to Pet. Ex. E at 2.) In so stating, the court made clear that its reliance on the waiver doctrine was independent of its views of the merits of petitioner's due process claim and that in fact, waiver was the primary basis for its decision. Therefore, I will deny petitioner's application for habeas relief for the reason that the state court decision under review was based on an independent and adequate state ground.

Even if I were to assume that the court of appeals's reliance on the state waiver doctrine was not independent of its decision on the merits, I would still deny petitioner's application for habeas relief. I would do so because the state court of appeals's decision on the merits was not "an unreasonable application of clearly established Federal law as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). To establish a violation of due process based on a sentencing court's reliance on inaccurate information, petitioner must establish that the court based its sentence at least in part on misinformation of significance. United States v. Tucker, 404 U.S. 443, 447 (1972). In the present case, although it appears that the sentencing court believed that petitioner did not plead guilty until the day the trial was scheduled to begin when in fact he actually pleaded guilty at the final pretrial conference several weeks earlier, the state court of appeals appeared to conclude that the sentencing court did not base its sentence in whole or in part on this belief. Although the state court of appeals's discussion of the merits of petitioner's claim is perfunctory, the court appeared to

Case 2:06-cv-00888-LA    Filed 07/02/08    Page 3 of 4    Document 25

conclude that the sentencing court gave petitioner less sentencing credit than it might otherwise have, not because he pleaded guilty on a specific day but because more generally he failed to promptly accept responsibility and allowed the case to drag on for a considerable amount of time before ultimately accepting responsibility. The court of appeals further found that the sentencing court's finding on this point was correct. In reaching these conclusions, the court of appeals did not unreasonably interpret the sentencing court's statements nor is the court of appeals's decision on the merits an unreasonable application of Tucker. Therefore, even if my conclusion that the state court of appeals affirmed petitioner's conviction based on an independent and adequate state ground is incorrect, I would deny his claim on the merits.

Therefore,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 2 day of July, 2008.

/s_____
LYNN ADELMAN
District Judge