# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO L. GREEN,
        Petitioner,

v.                                          Case No. 06C888

WILLIAM POLLARD,
        Respondent.

## DECISION AND ORDER

On August 16, 2006, Antonio L. Green, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 2, 2008, I denied his petition. On July 21, 2008, petitioner filed a notice of appeal and subsequently a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues

the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

In the present case, I dismissed petitioner's habeas petition based on a procedural ground, finding that the state court's reliance on the waiver rule constituted an independent and adequate state ground that precluded habeas relief. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Section 2253 mandates that both showings be made before a certificate of appealability is granted. Id. at 485. The district court is allowed, and indeed encouraged, to proceed first to the procedural issue if its answer is more apparent from the record and arguments. Id.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

Addressing the procedural showing first, I believe the question of whether petitioner's case should have been dismissed based on procedural default does not deserve to proceed further, nor do I believe that this dismissal would be debatable among jurists of reason reviewing the record of this case. As stated above, where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case,

no reasonable jurist could conclude that the district court erred or that the petitioner should be allowed to proceed further.

However, I also addressed the merits of petitioner's claim as an alternative basis for dismissing petitioner's case. Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

The issue raised by petitioner does not deserve encouragement to proceed further nor is the denial of the issue debatable among jurists of reason. Petitioner claims that he was sentenced based on inaccurate information because the trial court judge, when finding that petitioner failed to promptly accept responsibility, believed petitioner pled guilty on a later date than he actually did. However, I found the state court's determination that the trial court judge did not rely in whole or in part on this belief to be reasonable. Further, I found reasonable the state court's determination that the trial judge instead relied on the overall delay in the case, i.e., between when petitioner was initially charged and when he first pled guilty, and between when the matter was remanded following appeal and when petitioner again pled guilty.

I do not believe jurists of reason would differ as to the issue petitioner presented in this case and I do not believe this issue should proceed further. Accordingly, for the same reasons as set forth in my July 2, 2008 Order, petitioner has not made a substantial showing of the denial of any constitutional right.

For the reasons stated above,

**IT IS ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 4 day of September, 2008.

/s
LYNN ADELMAN
District Judge